## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PRIETO, PRIETO, GOAN, LLC,  and**
**AUSTIN & LAURATO, P.A.,**

                            **Plaintiffs,**

**v.**                                    **Case No. 8:15-cv-00478-JDW-TBM**

**SUNTRUST BANK,**

                            **Defendant.**

_____/

### DEFENDANT SUNTRUST BANK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION TO STAY ACTION UNTIL PAYMENT OF ATTORNEY'S FEES AND COSTS FROM PREVIOUSLY DISMISSED ACTION, <u>WITH INCORPORATED MEMORANDUM OF LAW</u>

Defendant, SunTrust Bank ("SunTrust" or "Defendant"), by and through its undersigned counsel, and pursuant to Rules 12(b), 17(1), and 41(d) of the Federal Rules of Civil Procedure, moves this Court to dismiss all Counts of Plaintiffs' Complaint and to stay this action until payment is made of costs and fees from a previously dismissed action, and in support thereof states as follows:

### <u>BACKGROUND</u>

In Count I of the Complaint, which is brought solely on behalf of Plaintiff Austin & Laurato, P.A. ("A&L"), which is a law firm, A&L alleges that SunTrust is liable to A&L for attorney's fees A&L incurred during its representation of its co-Plaintiff Prieto, Prieto, Goan, LLC ("PPG") under a theory of quasi-contract or unjust enrichment.  As alleged in the Complaint, SunTrust is the mortgagee on certain PPG-owned real property located in Hillsborough County (the "Property").

The Complaint alleges that PPG had a dispute with Century Surety Company (the

"Insurer") which had insured the Property.  The Complaint does not describe the nature of the dispute.  All the Complaint states is that A&L represented PPG through an appraisal dispute resolution process with the Insurer and that the appraisal process resulted in a $144,897.49 award (the "Award").

The Complaint asserts that somehow A&L's legal services to PPG benefitted SunTrust. A&L alleges no ultimate fact in the Complaint describing how or why SunTrust received a benefit or the basis of the alleged benefit.  It is undisputed that A&L did not release the funds from the appraisal award to SunTrust, nor did A&L pay SunTrust, nor did A&L or PPG satisfy PPG's financial obligation to SunTrust.

The Complaint mentions that the Insurer issued a check for the amount of the Award, payable jointly to SunTrust and PPG, as required in that certain Commercial Lines Policy, No. 781159, a copy of which is attached to the Complaint as Exhibit A (the "Policy").  For unknown reasons, A&L's Complaint demands that SunTrust sign over to A&L $64,858.99 of the Award as payment of the alleged legal fees for which PPG is presumably liable to A&L.  To that end, A&L seeks a declaration from the Court determine that A&L was also providing legal services on behalf of SunTrust.  A&L, a law firm, has neither a written contract with SunTrust, nor can A&L have an implied contract with SunTrust.  In fact, A&L presently represents PPG in a foreclosure action against SunTrust.   As such, the Florida Bar Rules prohibit A&L from representing SunTrust.

Under Florida law, SunTrust has a first priority lien on all insurance proceeds obtained to protect the security for SunTrust's mortgage.  SunTrust is listed as an additional payee/mortgagee in PPG's relevant insurance policy.   The terms of the Policy are clear.   SunTrust, as the mortgagee/mortgageholder, is entitled to all payments for loss under the Policy as a third party

beneficiary:

> b.      We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.
>
> c.      The mortgageholder has the right to receive loss payment even if the mortgageholder has started foreclosure or similar action on the building or structure.

*See* Section F, Subsection 2. of the Policy, p 13 of 15.

A&L's argument fails as to SunTrust.  Section E, Subsection 2, p 9 of 15, of the Policy states that only PPG or the insurer can invoke the appraisal dispute resolution process.  The policy defines the terms "we and you," as PPG and the Insurer.  The Complaint alleges that SunTrust refused to participate in the Appraisal Process.  Even assuming *arguendo* that SunTrust did refuse, SunTrust had no legal right to participate.

In fact, the Policy expressly delineates when SunTrust can participate in the claims process:

> d.      If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgageholder will still have the right to receive loss payment if the mortgageholder:
>
> > (1)      Pays any premium due under this Coverage Part at our request if you have failed to do so;
> >
> > (2)      Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and
> >
> > (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to mortgageholder.

*See* Section F, Subsection 2. of the Policy, p 13 of 15.

Which leads to an important point:  Express contracts govern each relationship alleged in the Complaint.  A&L admits it entered into a contract with PPG to provide legal services to PPG

for which fees and costs costs PPG is responsible to A&L as A&L's client.

A&L also admits that PPG's relationship with SunTrust is governed by a mortgage, another express contract.  A&L further admits and attaches the insurance contract that defines PPG's relationship with its Insurer (the "Policy").  The Policy provides for direct payment to SunTrust for any awards on the Policy.

Instead of seeking payment for its legal fees from PPG, *i.e.*, the party who was A&L's consensual client and in privity with A&L, the Complaint attempts to manufacture contractual privity between A&L and SunTrust.  In fact, the Complaint alleges that A&L provided legal services *on behalf of SunTrust*, and it seeks to establish an implied attorney-client relationship between SunTrust and A&L. At the same time, the Complaint acknowledges that SunTrust expressly refused that representation, alleging that SunTrust "refused to participate or bear any of the costs associated with either the claim or appraisal of the claim."

Count I of the Complaint asks the Court to retroactively create a nonconsensual attorney-client relationship between SunTrust and A&L, and then to ignore the express contracts that govern the parties' relationships.

### MEMORANDUM OF LAW

**A.      Failure to Pay Costs for Previously Dismissed Action**

Rule 41(d), Fed. R. Civ. P., states that, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action; and . . . may stay the proceedings until the plaintiff has complied."  Rule 41(d) permits a court, in its discretion, to award costs and attorney's fees from the prior suit.  *Wishneski v. Old Republic Ins. Co.*, 2006 WL 4764424, at *4 (M.D. Fla. 2006) ("[T]he plain language of Rule

41(d) is permissive, and allows the Court to award costs, as well as attorney's fees, in its discretion."). Attorney's fees are an especially appropriate award when a "defendant had filed a lengthy motion to dismiss only to have it answered by a voluntary dismissal and the refiling of the case elsewhere." *See id.  See also Groom v. Bank of Am.*, 2010 WL 627564, at *1 (M.D. Fla. 2010) (awarding attorney's fees under Rule 41(d)).  The purpose of the rule is to promote "the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Groom*, 2010 WL 627564 at *1 (quoting *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007)).

The Complaint in this action (Dkt. No. 1), is virtually identical to a complaint (the "State Court Complaint") filed by A&L against SunTrust on October 15, 2015 before the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 14-CA-010431 (the "State Court Case").  A copy of the State Court Complaint is attached hereto as **Exhibit A**.

On December 8, 2014, SunTrust filed a lengthy motion to dismiss (the "Original Motion to Dismiss"), a copy of which is attached hereto as **Exhibit B**.  At a hearing on February 17, 2015, the state court judge entered an Order granting the Original Motion to Dismiss, a copy of which is attached hereto as **Exhibit C**.  A copy of the transcript of the hearing is attached hereto as **Exhibit D**.  Thereafter, on March 5, 2015, A&L filed and served a Voluntary Notice of Dismissal with Prejudice, a copy of which is attached hereto as **Exhibit E**.

That same day, on March 5, 2015, A&L, this time with PPG as co-Plaintiff, re-filed virtually the exact same complaint before this Court.  PPG was added merely to achieve the jurisdictional threshold of the amount in controversy as A&L is indisputably seeking less than

$75,000 in this action.  PPG's relationship to this action and the Award is governed by the terms of the mortgage contract between the parties and it is black letter law that a party may not maintain an action for unjust enrichment or quasi-contractual relief "if the damages sought are covered by an express contract." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009).  PPG simply has no right to the equitable relief sought in the Complaint.  Clearly, A&L added PPG in the federal action to artificially reach the Court's jurisdictional threshold.

The dismissal of the State Court Case and the subsequent filing of this lawsuit is blatant forum shopping.  Rule 41(d), Fed. R. Civ. P., was designed to deter that.  A&L did not like the ruling it received from the State Court judge, and so it added PPG as a sham plaintiff and re-filed almost the exact same complaint before this Court.  This is precisely the kind of activity that the law seeks to discourage by means of Rule 41(d), Fed. R. Civ. P.  The federal law allows this Court to enter an order requiring A&L to pay all of SunTrust's attorney's fees and costs incurred in the State Court Case and to stay the instant action until SunTrust the amount owed.

**B.     Count I Fails to State a Cause of Action**

"The elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Hull & Co., Inc. v. Thomas*, 834 So. 2d 904, 907 (Fla. 4th DCA 2003).

This cause of action is not unlimited, however.  Quasi-contractual relief will be denied when the recognition of such liability would "necessarily circumvent" the dictates of a statute or rule by enabling the service provider to ignore those statutes or rules and still receive

compensation.  *See Hull,* 834 So. 2d at 907 (quoting *Osteen v. Morris,* 481 So.2d 1287 (Fla. 5th DCA 1986)).

This situation arises throughout Florida case law.  For instance, in *Hull,* the plaintiff was an insurance agent who did not have a valid license.  *Hull*, 834 So. 2d at 907.  The plaintiff sold a policy on behalf of an insurance company, thereby benefiting the insurance company.  *Id.* at 906.   Because the plaintiff was unlicensed and could not receive a contractual commission pursuant to Florida law, he sued the insurance company for *quantum meruit*, for his time and expense in underwriting the policy.  *Id.*  The Fourth DCA refused to allow recovery, stating that "[t]o allow Hull to recover on a contract implied in law is to circumvent the license requirement of the statute. . . . Under the fourth element of the quasi-contract cause of action described above, it is not 'inequitable' to preclude Hull's recovery, because the legislature has imposed a license requirement as a condition of doing the type of business involved in this case." *Id.* at 907.

Similarly, in *Osteen v. Morris,* 481 So. 2d 1287, 1290 (Fla. 5th DCA 1986), a repair shop customer orally authorized repair work to his car.  The repair shop gave the customer two oral estimates for the work and the customer approved.  *Id*.  Later, the customer refused to pay.  *Id.* The trial court found that because the repair shop did not comply with the statute requiring repair shops to give written estimates, the repair shop could not rely on a contract implied in fact to recover for its services.  *Id.*  In affirming, the Fifth DCA held that the requirement of a written estimate "must necessarily be construed to be a limitation on the common law principle of *quantum meruit* because the recognition of a quasi-contractual obligation by the law in this situation would necessarily circumvent the very dictates of the statute by enabling a motor vehicle repair shop to ignore the statutory requirements of providing a written estimate or obtaining a written waiver." *Id.*

Rule 4-1.7(b) of the Florida Rules of Professional Conduct states that a lawyer cannot represent two clients with competing interests unless each client gives "informed consent." Rule 4-1.7(c) of the Florida Rules of Professional Conduct states that a lawyer who wishes to represent multiple clients in a single matter must explain in a consultation with each client the implications of common representation.

The Complaint alleges that SunTrust was notified by A&L of A&L's representation of PPG in the appraisal process and that A&L invited SunTrust to participate. The Complaint alleges that SunTrust refused. If SunTrust refused A&L's request, SunTrust cannot have given the informed consent necessary for A&L to represent both PPG and SunTrust at the same time in the appraisal process. Such representation, which A&L seeks to have this Court retroactively impose, would be *per se* illegal under the Rules of Professional Conduct. The law will not create an implied contract which is also an illegal contract, and while *quantum meruit* may apply to many types of goods and services, the provision of legal services is a regulated activity in derogation of the common law. Therefore, A&L fails to state a cause of action in Count I.

Furthermore, under Florida law an attorney-client relationship cannot be created without the consent of the client. The test for an attorney-client relationship "is a subjective one and hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice." *Mansur v. Podhurst Orseck, P.A.*, 994 So. 2d 435, 438 (Fla. 3rd DCA 2008) (quoting *The Fla. Bar v. Beach,* 675 So.2d 106, 109 (Fla. 1996)). In *Mansur,* the Third DCA looked to the *Restatement (Third) of the Law Governing Lawyers* (2000) for further guidance, quoting § 14 in full:

§ 14. Formation of A Client-Lawyer Relationship

A relationship of client and lawyer arises when:

> (1) a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either
>
>> (a) the lawyer manifests to the person consent to do so; or
>>
>> (b) the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services; or
>
> (2) a tribunal with power to do so appoints the lawyer to provide the services.

*Mansur* and the Restatement make clear that no attorney-client relationship can be formed without the manifestation of consent by the client. The Complaint expressly alleges that SunTrust refused A&L's requests, and that SunTrust did not consent to A&L's representing SunTrust. Unlike most other services, legal services are regulated, and attorneys cannot represent people against their will and then claim *quantum meruit* even if they do provide a benefit.

Finally, A&L has an obvious adequate remedy at law. "Claims for breach of implied agreement, *quantum meruit,* and unjust enrichment are all synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched." *Bule v. Garda CL Se., Inc.*, 2014 WL 3501546, at *3 (S.D. Fla. July 14, 2014). "It is blackletter law that the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002). *See also Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp.2d 1317, 1326 (S.D. Fla. 2000)(noting that under Florida law, "quantum meruit damages cannot be awarded when an enforceable contract exists."). "Courts have addressed the concept of 'adequate remedy at law' in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist." *Bule,* 2014 WL 3501546 at *3.

In the Complaint, A&L alleges that it has a contractual relationship with PPG to provide legal representation for PPG.   A&L, by its own allegations, has a contractual cause of action against PPG for any unpaid legal fees.   The existence of that cause of action is an adequate remedy at law, and equitable relief is therefore unavailable.   Therefore, Count I should be dismissed.

### C.      Plaintiff Austin & Laurato, P.A., Has No Standing for This Action

"Generally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client." *Andrew H. Boros, P.A., v. Arnold P. Carter, M.D., P.A.*, 537 So. 2d 1134, 1135 (Fla. 3rd DCA 1989).   Rule 17(a), Fed. R. Civ. P., requires that actions in federal court be brought by the real party in interest.   Federal law is clear that, pursuant to Rule 17(a), Fed. R. Civ. P., and the general rules of standing, an agent cannot maintain an action in his own name on behalf of a principal even if authorized by the principal to bring suit, unless the agent is a direct promisee or transferee in the transaction at issue.   *Vandegrift Forwarding Co. v. Hartford Fire Ins. Co.*, 2009 WL 928337, at *5 (E.D.N.Y. 2009) (citing Restatement (Third) of Agency § 363).

Florida law is also clear that an agent does not have standing to bring a suit against a party in privity with that agent's principal.   *See Media Placement, Inc. for Use & Benefit of Church By the Sea v. Combined Broad., Inc.*, 638 So. 2d 105, 106 (Fla. 3rd DCA 1994).   In *Media Placement*, the 3rd DCA ruled that the plaintiff, as agent for a church, did not have standing to bring a breach of contract action against a third party who allegedly breached an agreement with the church.   This was even though the failure of the third party to honor its agreement with the church would deprive the plaintiff/agent of its compensation.   The Court stated that the plaintiff's only stake in the action was its right to receive compensation from the church, its principal.   Therefore, the plaintiff had no standing.   In support, the 3rd DCA, like the

federal courts, relied upon the Restatement (Second) of Agency, quoting § 372 cmt. d (1984):

> The fact that an agent who makes a contract for his principal will gain or suffer loss by the performance or nonperformance of the contract ... by the other party thereto does not entitle him to maintain an action on his own behalf against the other party for its breach. An agent entitled to receive a commission from his principal upon the performance of a contract which he has made on his principal's account does not, from this fact alone, have any claim against the other party for breach of the contract, ***either in an action on the contract or otherwise***.

(emphasis added).

The 3rd DCA disregarded the argument that it would be unfair to not pay the plaintiff, stating that "[t]he fact that the plaintiff stands to lose this investment upon the nonperformance of the contract cannot change this result." *Media Placement,* 638 So. 2d at 106.  The Restatement confirms that agents have no standing to bring actions against third party's with whom they have interacted *on behalf of their principal*.  The Restatement expressly prohibits "either an action on the contract or otherwise," the otherwise meaning equitable relief.  This makes sense because the agent, although he or she may physically execute or negotiate a contract for the principal, and may even perform the contract on behalf of a principal, only acts on behalf of the principal, not on the agent's personal behalf.

When A&L represented PPG in the appraisal dispute resolution process, A&L was acting as attorney and agent for PPG.  A&L's actions in the appraisal process are considered, under the law, as *actions of PPG*, not actions of the A&L. In fact, the Complaint itself, at ¶ 9, admits that "Austin & Laurato, __on behalf of__ Prieto, Prieto, & Goan, obtained an appraisal award of a disputed insurance claim . . . ." (emphasis added).

Whatever actions A&L took in the appraisal process, whether or not to SunTrust's eventual benefit, were indisputably made in A&L's capacity as agent, not in A&L's personal

capacity.  A&L was *representing* PPG.  The Award was not procured by A&L, the Award was procured by PPG, acting through its agent.  Again, the parties' mortgage covers the PPG SunTrust relationships.  An A&L/PPG agreement for legal services can neither supersede nor undermined the terms of the SunTrust/PPG mortgage that preceded it.

The SunTrust mortgage governs the distribution of the insurance appraisal award.  The A&L/PPG agreement for legal services does not.  Therefore, although A&L is the party bringing Count I and Count II, A&L does not have standing.  This Honorable Court should dismiss Counts I and II in their entirety and dismiss Count III as to A&L.

### D.    Count II Is Not a Cause of Action

Count II of the Complaint, labeled as a cause of action for an equitable lien, fails as a matter of law.  "In Florida, an equitable lien is an appropriate remedy to prevent unjust enrichment between family members or those with close personal relationships."  *Della Ratta v. Della Ratta,* 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).  "In order for a court to impose an equitable lien based on general consideration of right and justice, there must generally be some equitable basis supporting the court's equitable jurisdiction, such as fraud, mutual mistake, estoppels, or reprehensible conduct."  34 Fla. Jur 2d Liens § 9.

An equitable lien is not a separate cause of action, it is a remedy.  *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, at *10 (S.D. Fla. Apr. 16, 2010) (dismissing count for an equitable lien).  It is a remedy dependent upon the plaintiff's ability to show unjust enrichment *and* also show "some equitable basis supporting the court's equitable jurisdiction."

Count II is a remedy, not an independent action, and as a remedy, it is wholly dependent on A&L's ability to establish a cause of action under Count I, which A&L has failed to do.  Furthermore, Count II fails to allege any equitable predicate which would justify an equitable

lien.  Therefore, Count II must be dismissed.

### E.    Count III Does Not State a Justiciable Controversy

In Count III, A&L and PPG seek, among other declarations, a declaration that SunTrust

is in violation of F.S. § 494.0026(1) (Disposition of Insurance Proceeds), which provides in

pertinent part:

> The following provisions apply to ***mortgage loans*** held by a
> mortgagee or assignee that is subject to part II or part III of this
> chapter.
>
> (1)    The mortgagee or assignee must promptly endorse a check,
> draft, or other negotiable instrument payable' jointly to the
> mortgagee or assignee and the insured by the insurance company.

(emphasis added).

Plaintiffs' allege that they issued a demand to SunTrust to endorse the check representing

the Award, and that SunTrust refused.  What A&L fails to state, however, is that F.S. § 494.001

provides the definitions for the terms used in F.S. § 494.0026, and that the statute does not apply

to SunTrust or to this matter.

Pursuant to its own terms, F.S. § 494.0026 only applies to "mortgage loans."   A

"mortgage loan" is defined in F.S. § 494.001(24) as follows:

> (24) "Mortgage loan" means any:
>
> (a) Residential loan primarily for personal, family, or household
> use which is secured by a mortgage, deed of trust, or other
> equivalent consensual security interest on a dwelling, as defined in
> s. 103(v) of the federal Truth in Lending Act,[4] or for the purchase
> of residential real estate upon which a dwelling is to be
> constructed;
>
> (b) Loan on commercial real property if the borrower is an
> individual or the lender is a noninstitutional investor; or
>
> (c) Loan on improved real property consisting of five or more
> dwelling units if the borrower is an individual or the lender is a

noninstitutional investor.

Subsection (27) defines "noninstitutional investor" as an investor other than an institutional investor.  F.S. § 494.001(27). Subsection (13) defines "institutional investor" as, *inter alia*, a "depository institution." F.S. § 494.001(13).

First, it is undisputed that the Property is owned by PPG, a business, not a consumer living in a dwelling.  The Policy attached to the Complaint states that it is for the insurance of commercial property and that it is a commercial policy.

Second, the Policy states that the borrower, in this case PPG, is not an individual.  It is also indisputable that SunTrust is a depository institution and therefore not a "noninstitutional investor" regulated by the statute.

Therefore, § 494.0026, *Florida* Statutes, which is a regulation designed to protect consumers in certain situations, simply does not apply or govern SunTrust in this matter. Nor does the regulation provide for any private cause of action.  Count III should be dismissed as there is no justiciable controversy as to that issue.

**F.    Conclusion**

A&L filed suit before this Court in an attempt to forum shop.  A&L added PPG as a defendant merely to meet the jurisdictional requirements. Rule 41(d), Fed. R. Civ. P. provides that the Court may require A&L to pay SunTrust's fees and costs before A&L or PPG can proceed with this action.

Plaintiffs also bring this suit in an attempt to circumvent multiple contractual provisions that expressly require the insurance company to include SunTrust on all insurance payments relating to its security.  A&L attempts to manufacture an implied contractual relationship with SunTrust where there is none, and where such a contractual relationship would be illegal under

Florida law.  A&L has an adequate remedy at law for its unpaid legal fees as it has recourse against its client, PPG.  A&L lacks standing as a Plaintiff as it procured the Award while acting on behalf of PPG--under the law, acting *as* PPG--and therefore PPG is the real party at interest. Finally, F.S. § 494.0026 does not apply and provides for no private cause of action. Plaintiffs will never be able to plead a cause of action and A&L will never be able to establish standing. SunTrust seeks an Order dismissing the Complaint with prejudice, together with its costs, attorney's fees and such other relief the Court deems proper.

Dated this 13th day of April, 2015.

Respectfully submitted,

*/s/ Michael A. Nardella*
**Peter C. Vilmos, Esquire**
Florida Bar Number: 75061
Primary email:  pvilmos@burr.com
Secondary email:  nwmosley@burr.com
**Michael A. Nardella, Esquire**
Florida Bar Number: 51265
Primary email:  mnardella@burr.com
Secondary email:  dmartini@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Phone:  (407) 540-6600
Fax:  (407) 540-6601

***Counsel for Defendant SunTrust Bank***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to: Christopher A. Tumminia at CTumminia@austinlaurato.com, Catumminia@my.okcu.edu; and Michael Vincent Laurato at mlaurato@austinlaurato.com, ctumminia@austinlaurato.com, dalbellar@austinlaurato.com, edunnavant@austinlaurato.com, kandreu@austinlaurato.com, ldatz@austinlaurato.com, mschuyler@austinlaurato.com, tzimmerman@austinlaurato.com.

*/s/ Michael A. Nardella*
Michael A. Nardella