UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIETO, PRIETO, & GOAN, LLC and
AUSTIN & LAURATO, P.A.,

    Plaintiffs,

CASE NO.: 8:15-cv-478- T-27TBM

vs.

SUNTRUST BANK,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE [DE-13]**

COME NOW, the Plaintiffs, PRIETO, PRIETO, GOAN, LLC ("Prieto, Prieto, & Goan") and AUSTIN & LAURATO, P.A ("Austin & Laurato") (collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby respond to the Court's endorsed Order to Show Cause why the complaint should not be dismissed for failure to prosecute. [DE-13]. As grounds in support thereof, Plaintiffs state the following:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1. This is a cause of action alleging breach of contract filed with the Clerk of Court on March 5, 2015. [DE-1].

2. Pursuant to this Court's Notice of Designation Under Local Rule 3.05, counsel for the parties were required to meet within sixty days after service of the complaint, or the first appearance of any defendant, for the purpose of preparing and filing a Case Management Report. [DE-5]; Local Rule 3.05(c)(2)(B).

3. On March 23, 2015, within the period of time prescribed by Federal Rule of Civil Procedure 4(m), the Summons and Complaint were served upon the Defendant. [DE-6].

4. On April 10, 2015, counsel for the Defendant, SUNTRUST BANK, filed the first Notice of Appearance. [DE-8]; [DE-9]. From this date, the parties were required to hold the Case Management Conference on or before June 9, 2015 and file the Report on or before June 23, 2015. Local Rule 3.05(C)(2)(B).

5. Within the sixty-day period of time, SunTrust brought two motions—a Motion to Dismiss, [DE-10], and a Motion to Strike [DE-12][1]—that required substantial responses. On multiple occasions, the undersigned counsel conferred with SunTrust as is required by Local Rule 3.01(g).

6. On June 4, 2015, the undersigned counsel contacted Defendant's counsel to coordinate the Case Management Conference. However, in the return electronic correspondence and follow-up telephone conference between the parties, only the matter of Defendant's Motion to Strike, [DE-12], was discussed. This good-faith conferral was required by Local Rule 3.05(g), and the parties attempted to narrow the issues necessary for Court intervention in the spirit of that Rule. However, through this process the undersigned counsel inadvertently lost track of the June 23, 2015 deadline for the Case Management Conference, which is currently scheduled to take place on July 7, 2015. On this basis, Plaintiffs respectfully request that the Court permit this litigation to continue.

## II.
## LEGAL STANDARD

A district court has the inherent authority to manage its docket, and can dismiss a case with prejudice for "want of prosecution." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–32, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962); *Betty K Agencies, LTD. v. M/V Monada,* 432 F.3d 1333, 1337

---

[1] The Motion to Strike was filed after the sixty-day period [DE-12]; however, the required 3.01(g) conference and subsequent efforts to narrow the issues for Court intervention occurred prior to the date of filing and within the sixty-day period, [DE-14-1].

(11th Cir. 2005) (quoting *Link,* 370 U.S. at 630). Federal Rule of Civil Procedure 41(b) authorizes a court to *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order. *Link,* 370 U.S. at 630; Fed. R. Civ. P. 41(b). Additionally, Local Rule 3.10 of the United States District Court for the Middle District of Florida also gives a court authority to dismiss a case for failure to prosecute. M.D. Fla. R. 3.10(a). However, if satisfactory cause is shown, the case should not be dismissed. *See Id.*

### III.
### MEMORANDUM OF LAW

Dismissal for failure to prosecute is not warranted here because the Case Management Conference is scheduled and will be filed promptly upon the meeting of the parties, and the failure to conduct the Conference was the result of inadvertence and excusable neglect. Moreover, the undersigned counsel, not the Plaintiffs, is responsible for the delay in holding the Case Management Conference within the initial sixty days after the Defendant appeared.

Local Rule of the Middle District Court of the United States for the Middle District of Florida 3.05(C)(2)(B) explicitly prescribes the deadlines for holding the initial Case Management Conference and filing the Case Management Report: "Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant . . . for the purposes of filing a Case Management Report[,]" and "[t]he Case Management Report must be filed within 14 days after the meeting." Local Rule 3.05(C)(2)(B). Here, although Plaintiffs did not comply with the above-quoted Rule, they have shown satisfactory cause why the case should not be dismissed. As stated above, the undersigned counsel is responsible for the delay in coordinating the Case Management Conference after the initial sixty-day period elapsed. SunTrust responded to the Complaint with a lengthy Motion to Dismiss and a subsequent Motion to Strike that required substantial responses within the sixty-

3

day period. Between addressing the 3.01(g) conference requirements, and analyzing and responding to the Motions, the deadline was inadvertently missed. However due diligence is being exercised to promptly file the Case Management Report, and accordingly, this matter should not be dismissed for lack of prosecution.

## IV.
## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Court not dismiss this case, and allow the Plaintiffs' cause of action to proceed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2015 a true and correct copy of the foregoing was electronically filed with the Clerk of Court through the CM/ECF electronic filing system, pursuant to which the following individuals will receive notice:

Peter Vilmos, Esquire
BURR & FOREMAN LLP
200 S. Orange Ave., Suite 800,
Orlando, FL 32801,
pvilmos@burr.com
nwmosley@burr.com
dmartini@burr.com

/s/ Chris Tumminia
CHRISTOPHER A. TUMMINIA, ESQUIRE
Florida Bar No.: 107426
MICHAEL V. LAURATO
Florida Bar No.: 181447
AUSTIN & LAURATO, P.A.
1902 West Cass Street
Tampa, Florida 33606
Telephone: (813) 258-0624
Facsimile:  (813) 258-4625
Mlaurato@austinlaurato.com
CTumminia@austinlaurato.com
Attorneys for Plaintiff